# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0619, <u>State of New Hampshire v. Alfred C. Lovely, Sr.</u>, the court on August 31, 2023, issued the following order:**

The court has reviewed the written arguments and the limited record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Alfred C. Lovely, Sr., appeals an order of the Superior Court (<u>Howard</u>, J.) denying his petition to award earned time credits. We affirm.

Although he does not identify the offenses which resulted in his convictions, the defendant states that he was convicted in 2008. In 2022, the defendant filed a petition seeking an award of earned time credits pursuant to RSA 651-A:22-a (Supp. 2022) for certain programs that he had completed during his incarceration. The statute cited by the defendant was enacted by the legislature in 2014. Laws 2014, 166:1. It provides to prisoners the opportunity to receive reductions in their minimum and maximum sentences upon completion of certain approved programs.

The trial court denied the petition:

> The court has considered the motion, the earned time credit recommendations of the Warden, the State's objection, and the victim's input. In its discretion, the court denies the request to award earned time reductions. The statute came into effect in 2014, eight years ago. Except for one program which Mr. Lovely completed in 2018, the bulk of his requested credits were earned in 2022, all within the last year of his 15 year minimum sentences. At this point in the service of his sentence for these violent crimes, his potential release in April 2023 is best left to the Adult Parole Board.

The defendant filed a motion for reconsideration which the trial court also denied, elaborating upon its earlier ruling:

> The court did not rule originally solely on the basis of the nature of the convictions, though the court sees no statutory or due process reason why it could not have done so. Instead, the court considered many factors as reflected in the original order in the exercise of its discretion to deny earned time reductions.

This appeal followed.

On appeal, the defendant argues that "sentencing Courts are required to grant earned time credits to those inmates who have complied with the statutory requirements of RSA 651-A:22-a and obtained the Commissioner's recommendation for said credits." He further contends that "[i]t would be fundamentally inconsistent with the statutory scheme to permit Judges to arbitrarily deny inmates their state created right for reasons not recognized by the statute."

We have recently held, however, that with respect to requests for earned time credits by prisoners incarcerated before the effective date of RSA 651-A:22-a, the sentencing court has discretion to grant or deny approval of earned time credits. State v. Jordan, 176 N.H. ___, ___ (decided June 29, 2023) (slip op. at 5); see also Fiske v Warden, N.H. State Prison, 175 N.H. 526, 528-29 (2022) (at the time of sentencing, the court has discretion to grant or deny eligibility to obtain earned time credits to a prisoner who was sentenced on or after the effective date of the statute).

We find unpersuasive the defendant's argument that the trial court "arbitrarily denied approval" of his request. As we have held, RSA 651-A:22-a does not mandate an award of earned time credits to all prisoners who complete approved programming and receive the commissioner's recommendation. Jordan, 176 N.H. at ___ (slip op. at 5). Rather, courts have broad discretion in determining whether to award earned time credits; their review is not limited only to the prisoner's rehabilitative efforts and behavior during incarceration. Jordan, 176 N.H. at ___ (slip op. at 5). In this case, the trial court explained its reasoning, referring to the defendant's multiple sentences and the "violent crimes" for which they were imposed, the victim's statement, and the period in which the requested credits were earned.

Although the defendant contends that the denial of his request did not meet "minimum due process requirements," he does not identify any procedural deficiencies in the process set forth in the statute. The defendant raises no additional arguments that warrant our further consideration.

Accordingly, we affirm the decision of the trial court.

Affirmed.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2